UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUPER FOODS SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-1605- DFH-TAB |
| ) | |
| MARSH SUPERMARKETS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ON MOTIONS FOR LEAVE TO FILE UNDER SEAL**

The parties seek leave to file under seal portions of Plaintiff's reply in support of its motion to dismiss Defendant's counterclaim. [Docket Nos. 72, 78.] The Plaintiff asserts that pursuant to a protective order and confidentiality agreement between the parties, the Martin declaration including exhibits C, D, and G, the Fields declaration, and pages 6, 8, and 9 of its reply brief must be kept under seal. [*Id*. at p. 4.] Defendant contends that in addition to the information identified by Plaintiff, exhibit A of the Martin declaration also must be kept under seal. [Docket No. 78.]

The Court's August 11 order has effectively disposed of much of this request because it strikes from the record both declarations, including all exhibits. [Docket No. 80.] What remains is the propriety of sealing pages 6, 8, and 9 of Plaintiff's reply brief. It is not sufficient that the parties show that these pages reveal protectable trade secrets, they must also demonstrate that good cause exists for filing the requested information under seal. Fed. R. Civ. P. 26(c)(7); *Citizens First National Bank of Princeton v. Cincinnati Insurance*, 178 F.3d 943, 946 (7th Cir. 1999). While pages 8 and 9 make reference to the declarations, including exhibits C and G, they

do not disclose any protectable trade secrets. However, on page 6 of its reply brief Plaintiff makes two statements that require closer scrutiny. First, Plaintiff refers to the percentage of private-label product purchased by Defendant and cites to the Fields declaration in support. [Docket No. 65.] Plaintiff next relies on exhibit G of the Martin declaration in drawing its own conclusion about Defendant's sales strategies.

In neither instance does Plaintiff recite the exact data or information contained in the stricken material. Nevertheless, these statements are telling of Defendant's sales strategies that Defendant's Associate Counsel/Assistant Secretary, Laura S. Gretencord, attests is maintained privately. [Docket No. 78-2.] Thus, the Court concludes that Plaintiff's statements on page 6 divulge Defendant's protectable trade secrets. Further, Defendant has demonstrated good cause to maintain these statements under seal in that public disclosure of such information could allow Defendant's "competitors an unfair competitive edge in the marketplace."[1] [Docket No. 78, p. 5.]

Accordingly, the Court grants in part and denies in part the parties' motions [Docket Nos. 72, 78]. Specifically, these motions are granted in all instances except pages 8-9 and certain portions of page 6 of Plaintiff's reply brief.[2] To avoid public disclosure of material that may

---

[1] In finding such, the Court is also mindful of the fact that neither statement -- derivative of materials that are stricken from the record -- will have any bearing on the pending motion to dismiss.

[2] These references are the third and fifth sentence of the final paragraph on page 6.

properly remain under seal, Plaintiff's reply brief [Docket No. 65] shall remain under seal.

Within five days of this order, Plaintiff shall file a redacted copy of its reply brief with only the

third and fifth sentence of the final paragraph on page 6 redacted.

Dated:   08/25/2006

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

A. Richard Blaiklock
LEWIS & WAGNER
rblaiklock@lewiswagner.com

Barbara Jean D'Aquila
FLYNN GASKINS & BENNETT LLP
bdaquila@flynngaskins.com

Shannon Lee Logsdon
LEWIS & WAGNER
slogsdon@lewiswagner.com

Patrick R. Martin
FLYNN GASKINS & BENNETT LLP
pmartin@flynngaskins.com

John K. McDavid
LOCKE REYNOLDS LLP
jmcdavid@locke.com

Robert Francis Wagner
LEWIS & WAGNER
rwagner@lewiswagner.com